IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARLAN T. GLEASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No.   16-4035-JAR |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security[1] denying Plaintiff Harlan T. Gleason's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act.[2] Because the Court finds that Defendant Commissioner's findings are not supported by substantial evidence, the Court reverses and remands Defendant's decision.

**I.     Procedural History**

In September 2008, Plaintiff protectively applied for disability insurance benefits and supplemental security income, alleging an onset date of January 2, 2003.   Plaintiff was last insured for disability benefits on June 30, 2004.   Plaintiff's applications were denied initially. Upon reconsideration, Plaintiff's application for supplemental security income was granted in

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security.

[2] 42 U.S.C. §§ 401–433.

1

March 2009,[3] but his application for disability insurance benefits was denied upon reconsideration. After a hearing, the administrative law judge ("ALJ") issued a decision finding that Plaintiff was not disabled and the Appeals Council denied Plaintiff's request for review.

Plaintiff sought judicial review; and on September 25, 2013, United States District Court Judge Sam A. Crow reversed the Commissioner's decision and remanded pursuant to sentence four of 42 U.S.C. §405(g). Judge Crow concluded that the ALJ had erred in finding that the record was void of evidence that Plaintiff had any medically determinable impairment, and remanded for the ALJ to determine whether Plaintiff's medically determinable impairment of left hand tremor was severe, and to further make findings under the sequential evaluation process. Upon remand, after a hearing, the ALJ issued a decision that Plaintiff was not disabled between the alleged onset date of January 2, 2003 and June 30, 2004. The Appeals Council denied Plaintiff's motion for review, and this action followed.

## II.    Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[4] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] In the course of its review, the Court may not re-weigh the evidence or substitute its judgment for that

---

[3] The application for SSI was granted upon reconsideration, with the determination that Plaintiff was disabled as of September 30, 2008 based on the severe impairment of Chronic Obstructive Pulmonary Disease.

[4] *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[5] *Id.* (quoting *Castellano*, 26 F.3d at 1028).

of Defendant.[6]

### III. Legal Standard

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[7] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[8] The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[9] If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[10]

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff did not engage in substantial gainful activity during the period of January 2, 2003 through June 30, 2004. Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has a medically "severe" impairment, tremors. Plaintiff does not challenge the ALJ's determination that this impairment did not meet or have medical equivalence to one of the listed impairments.

But Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC"), which Plaintiff argues is erroneous in that the ALJ failed to retain a medical

---

[6]*Id.*

[7]42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[8]*Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

[9]*Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

expert pursuant to SSR 83–20 to determine the appropriate onset date of the disability since the evidence was unclear.

## IV. Discussion

The ALJ found Plaintiff has the RFC to perform medium work, as defined in 20 C.F.R. 404.1567(c), except he could never climb ladders, ropes, and scaffolds.  He could frequently handle or finger, but not constantly.  He needed to avoid concentrated exposure to pulmonary irritants, excessive vibrations, and hazardous machinery."

Plaintiff has had a left hand tremor since at least 1966, when it was documented in a treatment note.  The medical record is sparse.  In fact, until 2007, when Plaintiff was examined by Dr. Susmita Veloor, an agency consulting physician, there is no medical documentation of the tremor, as there are no medical records between 1966 and 2007.  The ALJ repeatedly attempted, to no avail, to obtain records from Goodyear, Plaintiff's employer, from 1985 to 1990 that may include medical records.  Needless to say, there are no contemporaneous medical records concerning the tremor during the pertinent time period between the alleged onset date and the date of last insurance, that is January 2, 2003 through June 30, 2004.

In determining the RFC, the ALJ gave substantial weight to the opinion of Dr. Veloor, who examined Plaintiff in 2007, and some weight to the opinion of Dr. Duncan, who examined Plaintiff in 2008.  But Dr. Veloor did not render an opinion as to the severity and limitations associated with the tremor during the pertinent time period of January 2003 through June 2004. Dr. Veloor's opinion was not retrospective.  Nor was Dr. Duncan's 2008 opinion retrospective. The ALJ thus erred in according Dr. Veloor's opinion substantial weight and in finding that it

---

[10]*Id.*

related to 2003 to 2004.   The ALJ similarly erred in finding Dr. Duncan's 2008 opinion was retrospective, though the ALJ accorded it lesser weight since it was more remote in time than Dr.Veloor's 2007 opinion.

There was one medical opinion regarding Plaintiff's impairment and its severity and effect during 2003 to 2004.   Dr. John Listerman reviewed the sole medical record —the 1966 treatment note— and opined that Plaintiff had the tremor in 2003 to 2004 and that it rendered Plaintiff's left arm and left hand useless.   The ALJ appropriately gave no weight to that opinion, particularly because the nonmedical evidence did not support an opinion that in those years Plaintiff had no use of his left arm and hand.

SSR 83–20[11] addresses how the ALJ is to make the critical determination of onset date of disabilities of nontraumatic origin.   The regulation provides that the ALJ's starting point is the claimant's statement as to when the disability began.[12]   The ALJ is to further consider when the impairment caused the claimant to stop work, as well as medical reports and other evidence.[13] Further, the alleged date of onset should be used if it is consistent with all available evidence, so long as it is not inconsistent with the medical evidence.[14]

Here, there was nonmedical evidence, including Plaintiff's statement, and the testimony or statements of family and a former employer of Plaintiff pertaining to Plaintiff's tremor during the time period from roughly 2002 to 2004.   All described how the tremor worsened and

---

[11]SSR 83–20, 1983 WL 31249 (1983).

[12]*Id.*, at *2.

[13]*Id.*

[14]*Id.,* at *3.

impaired Plaintiff's functioning, including his ability to work.  At that time, Plaintiff was periodically painting and doing bodywork in an automobile body shop owned by Jerry Lee Dean. Although Mr. Dean could not independently recall when Plaintiff last worked for him, the evidence established that Plaintiff stopped working for Dean in 2003.  And, Dean stated that when Plaintiff ceased working, the tremor was so bad that Plaintiff could only perform at a capacity of 25% compared with other employees.  The ALJ largely discredited that evidence. This evidence was discredited even though this nonmedical evidence could not be said to be inconsistent with medical evidence because medical evidence pertaining to 2003 to 2004 was nonexistent.

At best, given the lack of contemporaneous medical evidence, and the somewhat ambiguous nonmedical evidence, the onset date was ambiguous.  SSR 83–20 recognizes that where there is not contemporaneous medical evidence, it may be possible, based on the medical evidence, to reasonably infer that the onset date occurred prior to the date of the first recorded medical examination.  For instance, it may inferred that the onset date was at the time the claimant stopped working, rather than at the time of a later examination.[15]  But, the regulation makes clear that the "ALJ should call on the services of a medical advisor when onset must be inferred."[16]  Moreover, when reasonable inferences cannot be made about the progression of the impairment because of a lack of medical evidence, the ALJ should explore other sources of documentation, including information from family members, friends and former employers.[17]

---

[15] *Id.* at *2.

[16] *Id.*

[17] *Id.*

"The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record."[18]  Here, the ALJ erred in rejecting out of hand, rather than exploring, other sources of information about the progression of the impairment.

Further, the ALJ erred in failing to retain the services of a medical advisor to infer when the onset of the impairment occurred, as SSR 83–20 requires.  The Tenth Circuit held in *Blea v. Barnhart*,[19] that when the medical record does not include contemporaneous medical records, nor records that clearly document the progression of the claimant's impairment, the ALJ must call upon the assistance of a medical advisor, pursuant to SSR 83–20, to make these determinations.[20]  The Tenth Circuit further rejected the Commissioner's position that the ALJ needed not follow SSR 83–20 because at step five the ALJ had determined that the claimant retained the capacity to perform sedentary work.[21]  The court explained that SSR 83–20 must be applied, irrespective of such a finding at step five, because it is "not usually possible for an ALJ to make a decision supported by substantial evidence" without the medical advisor's input."[22] The court further explained,

> It is important to understand that the issue of whether a medical advisor is required under SSR 83–20 does not turn on whether the ALJ could reasonably have determined that [the claimant] was not disabled before [her last insured date].  Rather, when there is no contemporaneous medical documentation, we ask whether the evidence is ambiguous regarding the possibility that the onset of her disability occurred before the expiration of her insured status.  If the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83–20 requires the ALJ to call upon the services of a medical advisor to

---

[18]*Id.*

[19]466 F.3d 903 (10th Cir.2006).

[20]*Id.* at 912.

[21]*Id.* at 911.

[22]*Id.*

insure that the determination of onset is based upon a "legitimate medical basis."[23]

## V.     Conclusion

Here the evidence of the onset date as well as the progression of the impairment is ambiguous.   Because the Court finds that Defendant Commissioner's findings are not supported by substantial evidence, the Court reverses and remands Defendant's decision, and directs the Commissioner to direct the ALJ to retain a medical advisor and otherwise fully follow the directives of SSR 83–20.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **REVERSED and REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated: February 21, 2017

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[23]*Id.* (quoting *Grebenick v. Chater*, 121 F.3d 1193, 1200–01 (8th Cir. 1997)).